[Civ. No. 43243. First Dist., Div. Four. May 23, 1978.]

RICHARD MORRIS MILLER, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James C. Hooley, Public Defender, and Howard C. Harpham, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Donna Petre, Deputy Attorneys General, for Real Party in Interest.

## OPINION

PAIK, J.*—Petitioner Richard Morris Miller seeks a writ of prohibition commanding respondent Superior Court of Alameda County to grant his motion to set aside the information charging him with two counts of violating Penal Code section 245, subdivision (a) (assault with a deadly weapon or force).

On February 28, 1977, a complaint was filed in the Municipal Court for the San Leandro-Hayward Judicial District, alleging that petitioner had committed two counts of violating section 245, subdivision (a) of the Penal Code. On March 2, 1977, petitioner entered a plea of not guilty. On March 15, 1977, a preliminary hearing was held, and the petitioner was held to answer as charged.

On March 28, 1977, an information was filed in the Superior Court of Alameda County, alleging two violations of Penal Code section 245, subdivision (a). On March 29, 1977, petitioner was arraigned, and Dr. Morris and Dr. Komisaruk were appointed, under Penal Code section 1368, to examine the defendant. On April 14, 1977, pursuant to Penal Code section 1368, the court made a finding that the petitioner was within the meaning of section 1368, and he was committed to Atascadero State Hospital.

On December 20, 1977, the petitioner was returned to court from Atascadero State Hospital and was found competent to stand trial. Accordingly, criminal proceedings were reinstated. On January 25, 1978, petitioner's motion to dismiss pursuant to Penal Code section 995 was denied. This petition was filed January 26, 1978.

Petitioner contends that at the time of the preliminary hearing, he was incompetent to cooperate with his counsel, and therefore, his motion to dismiss the information pursuant to Penal Code section 995 should have been granted.

In *Chambers* v. *Municipal Court* (1974) 43 Cal.App.3d 809 [118 Cal.Rptr. 120], counsel for defendant who was charged in a felony complaint with battery on a peace officer and resisting arrest informed the municipal court his client was not mentally competent and moved for a suspension of proceedings under Penal Code section 1368, subdivision

---

*Assigned by the Chairperson of the Judicial Council.

(b). The motion was denied under Penal Code section 1368.1, subdivision (a), providing a hearing to determine mental competence of a defendant charged with a felony may not be held until after *the information or indictment* has been filed.

The Court of Appeal denied defendant's petition for a writ of prohibition restraining the municipal and superior courts from going forward with a preliminary hearing and possible superior court arraignment. The court rejected defendant's argument she could not cooperate with her counsel in the preparation of her defense, and would therefore be denied effective representation and due process if the preliminary hearing was held. The court stated at page 813 as follows: "The power of the court to commit Chambers comes because she is accused of crimes. The new procedure permits Chambers to challenge the criminal charges before she is committed, at least to the extent that counsel can act on her behalf. Since counsel may be able to show at the preliminary hearing that the evidence is insufficient to hold her to answer, or that she has a controlling affirmative defense, it is to her interest that the matter go forward. [¶] Although not specifically provided in the statute, we think suitable safeguards exist to protect Chambers' rights. The preliminary hearing is a critical stage in the criminal process, and one held when the defendant is not mentally competent does not comply with due process of law. A defendant is entitled to effective assistance of counsel at a preliminary hearing, and counsel cannot effectively represent a client who does not understand the nature of the charges against her or who is unable to cooperate in her defense. *If Chambers is held to answer, and if she is found mentally incompetent at her superior court hearing, she will not have been lawfully committed to stand trial by a magistrate, and the information may be set aside on that ground under the provisions of Penal Code section 995 if criminal proceedings are reinstituted.*" (Italics added.)

In *Hale v. Superior Court* (1975) 15 Cal.3d 221 [124 Cal.Rptr. 57, 539 P.2d 817], the Supreme Court issued a writ of prohibition restraining the trial court from holding a competency hearing under Penal Code section 1368.1, subdivision (a), until an indictment or information was filed. The court stated at page 223: "The People contend section 1368.1, subdivision (a), is unconstitutional, arguing it would be a denial of due process to conduct a preliminary hearing when doubt has arisen as to a defendant's competency. [¶] Rather than denying due process, the statute promotes it by insuring that a felony defendant will not be committed for incompetency unless there is probable cause to believe he committed the crime with which he is charged. The problem noted by the People may be

resolved by conducting another preliminary hearing (or a grand jury hearing) when a defendant adjudged incompetent subsequently regains his competence. (*Chambers* v. *Municipal Court* (1974) 43 Cal.App.3d 809, 812-813. . . .) The statute being valid, the writ must issue." The court stated at page 228: "However, assuming arguendo that the procedure followed by respondent court satisfies the minimum requirements of due process, it is not our province to invalidate legislation on the ground that an alternative procedure would conserve judicial resources."

■ The Attorney General contends that "[t]he trial court did not err in denying petitioner's 995 motion as there is no evidence in this record that petitioner was unable to stand trial at the time of the preliminary hearing." It is argued that *Chambers* and *Hale* should be distinguished from the present case because there, the doubt as to the competency of the defendants had been raised prior to the preliminary hearing, whereas no such facts are evident in the present case. The record does not clearly indicate when the issue of competency which led to the appointment of two physicians was first raised.

However, it must be kept in mind that in *Hale, supra,* the Supreme Court held that under Penal Code section 1368.1, subdivision (a), a competency hearing *cannot be* had prior to the filing of an indictment or information. In the present case, the information was filed March 28, 1977. Petitioner was arraigned and the physicians appointed the following day, March 29, 1977, only two weeks after the preliminary hearing. Since, under *Hale* and Penal Code section 1368.1, the competency hearing could not be held prior to the preliminary hearing, it would be a useless gesture on the part of the petitioner to attempt to present evidence that he was incompetent before he was arraigned in superior court.

The Attorney General argues that: "We contend that the fact that a hearing on the matter must await the filing of the information or indictment does not relieve the court or the defense attorney from their duty to raise any doubts they have as to petitioner's mental incompetency for the purpose of the record."

Penal Code section 1368, subdivision (a) states: "If, *during the pendency of an action and prior to judgment,* a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent. If the defendant is not represented by counsel, the court shall appoint counsel.

At the request of the defendant or his counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time." (Italics added.)

■ The statute allows the judge or defense counsel to raise the issue of competency at any time prior to judgment. There appears no requirement that the issue must be raised before the filing of the information. (Pen. Code, § 1368.1, subd. (a).)

■ Since petitioner was found mentally incompetent shortly after the superior court arraignment, under *Chambers* and *Hale,* he was not lawfully committed, and the information must be set aside.

Let a writ of mandate issue directing respondent court to set aside the information.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied June 12, 1978.