[No. B108794. Second Dist., Div. Seven. Aug. 18, 1997.]

RALPH CALVIN BOOTH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest

**COUNSEL**

Michael P. Judge, Public Defender, William M. Thornbury and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Brent Riggs and William Woods, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WOODS, J.**—If, three months after a defendant is held to answer on felony charges he is found not *presently* competent (Pen. Code, §§ 1368, 1370; statutory references, unless otherwise noted, are to the Penal Code) is he entitled to a new preliminary hearing once his competence is restored? Contrary to *Miller* v. *Superior Court* (1978) 81 Cal.App.3d 132 [146 Cal.Rptr. 253] (First Dist., Div. 4), our answer is no.

### PROCEDURAL BACKGROUND

On March 17, 1994, a felony complaint was filed charging petitioner with forcible rape and related charges. He appeared for arraignment that same date and the magistrate declared a doubt concerning his present competence (§ 1368[1]) and certified the matter to superior court. On April 19, 1994, after a trial, Superior Court Judge Robert Thomas found petitioner not presently competent and committed him to a state hospital for treatment.

---

[1]The section provides:

"(a) If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent. If the defendant is not represented by counsel, the court shall appoint counsel. At the request of the defendant or his counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time.

"(b) If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel

On January 10, 1995, the state hospital informed the superior court petitioner was now competent. Soon thereafter,[2] criminal proceedings were resumed. However, on March 22, 1995, after a trial (consisting of a "submission on doctors' reports"), Superior Court Judge Bernard J. Kamins found petitioner not presently competent and committed him to a state hospital for treatment.

Sometime before July 24, 1995 (see fn. 2, *ante*) the state hospital informed the superior court petitioner was now competent. On July 24, 1995, criminal proceedings were again resumed (Superior Court Judge Bernard J. Kamins). Thereafter, and before his December 7, 1995, preliminary hearing, petitioner made at least five appearances in superior court.[3] On September 6, 1995, petitioner made a motion to represent himself, which Superior Court Judge Kamins denied. On October 3, 1995, the trial court continued the matter to October 10, 1995. On October 10, 1995, petitioner personally waived time, as did counsel, and the matter was continued to October 17, 1995. On that date the court reset the pretrial conference to November 11, 1995, and also appointed a doctor to examine petitioner. On November 11, 1995, the pretrial conference was reset to December 5, 1995, and the preliminary hearing reset to December 8, 1995.

Apparently the preliminary hearing date was rescheduled (see fn. 2, *ante*) because it was heard on December 7, 1995, and petitioner was held to answer on forcible rape and related charges.

On December 19, 1995, petitioner appeared in superior court, was arraigned, pleaded not guilty and denied special allegations.

On December 20, 1995, defense counsel filed a section 995 motion to dismiss *some* counts for insufficient evidence.

The January 23, 1996, minute order states "Defense [counsel] declares a doubt per 1368-1370 Penal Codes [*sic*] Criminal proceedings are adjourned. Doctors are appointed pursuant to 730 Evidence Code."

informs the court that he believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court.

"(c) Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined.

"If a jury has been impaneled and sworn to try the defendant, the jury shall be discharged only if it appears to the court that undue hardship to the jurors would result if the jury is retained on call.

"If the defendant is declared mentally incompetent, the jury shall be discharged."

[2]Petitioner states "some of the records of the superior court cannot be located."

[3]The petition erroneously states that after July 24, 1995, "[t]he matter was thereafter continued in the municipal court until petitioner's preliminary hearing was conducted."

On March 4, 1996, based upon doctors' reports, the trial court found petitioner not presently competent and committed him to a state hospital for treatment.

On October 2, 1996, the state hospital certified that petitioner was now competent and on October 21, 1996, criminal proceedings were resumed.

On October 29, 1996, petitioner moved to set aside the information (§ 995) on the ground that he had not been competent at his December 7, 1995, preliminary hearing.

The trial court (Superior Court Judge Candace D. Cooper), on November 25, 1996, denied the motion. This petition followed.

### DISCUSSION

██ Petitioner states his contention simply and clearly: "Petitioner was held to answer following a preliminary hearing; however, it was thereafter determined in superior court proceedings that petitioner was not mentally competent to stand trial. (Pen. Code, § 1368 et seq.) Accordingly, petitioner was not lawfully committed to stand trial, and was entitled to have the information . . . set aside pursuant to Penal Code section 995."

The district attorney (real party in interest) concedes that "while such may have been the case" recent statutory changes (§§ 1368.1,[4] 866,[5] 872,[6]) require a different result.

Petitioner, in reply, correctly observes that the district attorney did not advance this argument in the trial court and, petitioner argues, should not be allowed to advance it now. Petitioner also asserts the district attorney's argument on its merits, is mistaken.

---

[4]Section 1368.1 was amended in 1982 and, in pertinent part, provides:

"(a) If the action is on a complaint charging a felony, proceedings to determine mental competence shall be held prior to the filing of an information *unless the counsel for the defendant requests a preliminary examination under the provisions of Section 859b.* At such preliminary examination, counsel for the defendant may (1) demur, (2) move to dismiss the complaint on the ground that there is not reasonable cause to believe that a felony has been committed and that the defendant is guilty thereof, or (3) make a motion under Section 1538.5." (Italics added.)

[5]This section, part of Proposition 115, approved June 5, 1990, limits a preliminary examination to the establishment of probable cause and prohibits its use for "discovery."

[6]This section, part of Proposition 115, approved June 5, 1990, permits a "hearsay preliminary examination" if the witness is a qualified law enforcement officer.

We need not consider the district attorney's contention. As we explain, the trial court properly denied petitioner's section 995 motion because petitioner had "been legally committed by a magistrate." (§ 995, subd. (a)(2)(A).)

"A person cannot be tried or adjudged to punishment while that person is mentally incompetent." (§ 1367.) "If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record. . . ." (§ 1368, subd. (a)) and "all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined." (§ 1368, subd. (c).)

These statutory provisions, designed to protect an accused, did not initially insure against "an indefinite commitment without regard to the likelihood that [an accused] will eventually regain [his] competence . . . ." (*In re Davis* (1973) 8 Cal.3d 798, 801 [106 Cal.Rptr. 178, 505 P.2d 1018].) To provide such assurance, the United States Supreme Court imposed a "rule of reasonableness" (*Jackson* v. *Indiana* (1972) 406 U.S. 715 [32 L.Ed.2d 435, 92 S.Ct. 1845]) which our Supreme Court adopted (*In re Davis, supra,* 8 Cal.3d 798, 802).

In response to this judicial concern that an accused, charged with a felony, could be committed to a hospital *before the state had established probable cause of his guilt* (§ 872), the Legislature, in 1974, enacted former section 1368.1. It provided: "(a) If the action is on a complaint charging a felony, the hearing to determine mental competence may not be held until after the information or indictment has been filed."

This provision, in apparent conflict with sections 1367 and 1368, required a magistrate, who doubted the competence of the accused, to *proceed* with the preliminary hearing.

Section 1368.1 was promptly challenged. On November 6, 1974, an attorney informed the court that his client "was not mentally competent and asked for a suspension of proceedings under Penal Code section 1368, subdivision (b)." (*Chambers* v. *Municipal Court* (1974) 43 Cal.App.3d 809, 811 [118 Cal.Rptr. 120].) "Although both the court and the prosecution agreed with counsel's assessment of his client's mental condition, the motion was denied and a preliminary hearing date was set under the mandate of Penal Code section 1368.1." (*Ibid.*) The defendant petitioned the Court of Appeal for a writ of prohibition.

*Chambers* stated: "The issue here, one of first impression, is whether the new statute, which requires Chambers to go through a preliminary hearing when a doubt has arisen as to her present sanity, can withstand constitutional scrutiny." (43 Cal.App.3d at p. 812.)

*Chambers* found it could. "Although not specifically provided in the statute, we think suitable safeguards exist to protect Chambers' rights. The preliminary hearing is a critical stage in the criminal process, *and one held when the defendant is not mentally competent does not comply with due process of law*. A defendant is entitled to effective assistance of counsel at a preliminary hearing, and counsel cannot effectively represent a client who does not understand the nature of the charges against her or who is unable to cooperate in her defense. If Chambers is held to answer, and if she is found mentally incompetent at her superior court hearing, she will not have been lawfully committed to stand trial by a magistrate, and the information may be set aside on that ground under the provisions of Penal Code section 995 if criminal proceedings are reinstituted." (43 Cal.App.3d at p. 813, italics added.)

It bears noting that *Chambers* was concerned only with those preliminary hearings where "a doubt has arisen as to [the accused's] present sanity." *Chambers* held the "doubt" could, constitutionally, be deferred until after the preliminary hearing. If later resolution of that doubt in superior court was a finding of "competence" (§ 1370) then, of course, the accused would have been "lawfully committed to stand trial by [the] magistrate." If, however, resolution of that doubt was a finding of incompetence, the accused would not have been "lawfully committed."

*Chambers* was *not* concerned with preliminary hearings where a doubt as to present competence had *not* arisen.

In *Hale* v. *Superior Court* (1975) 15 Cal.3d 221 [124 Cal.Rptr. 57, 539 P.2d 817] the People contended section 1368.1 was unconstitutional while the defendant insisted it be implemented.

Hale, charged with arson, was denied a preliminary examination because the magistrate had a doubt as to his present competence (§ 1368). Notwithstanding section 1368.1, the magistrate suspended criminal proceedings for a

competence trial (§ 1370).[7] In superior court, Hale opposed a competence trial and insisted he first be given a preliminary hearing (§ 1368.1). The People argued section 1368.1 was unconstitutional. When the superior court denied Hale's request for a preliminary examination,[8] he sought a writ of prohibition. The Supreme Court, adopting the *Chambers* holding, granted the writ.

As in *Chambers*, it bears noting that *Hale* was concerned only with a defendant whose competence a magistrate had expressly doubted. Like *Chambers, Hale* held—notwithstanding such an expressed doubt—the preliminary hearing could, constitutionally, proceed because, if later determined incompetent, the defendant would be entitled to another preliminary examination.

We belabor the point because of *Miller v. Superior Court, supra*, 81 Cal.App.3d 132, relied on by petitioner. Miller was charged with two counts of felony assault, pleaded not guilty, was held to answer after a preliminary examination, and two weeks later, was arraigned in superior court. It was then, for the first time—so far as the record showed—that an *issue*[9] of present competence arose. The court appointed doctors to examine the defendant. Two weeks later—presumably after a trial—[10] the court found Miller incompetent and committed him to a state hospital.

About seven months later, again presently competent, Miller moved to set aside the information (§ 995) on the ground he was not competent at his preliminary examination. The superior court denied the motion and Miller sought a writ of prohibition. The Court of Appeal, in our view mistakenly, granted the writ. (*Miller v. Superior Court, supra*, 81 Cal.App.3d 132, 137.)

Although, at the preliminary examination, there was no evidence of defendant incompetence, no expression of a "doubt" by the magistrate

---

[7]Apparently this occurred before the December 10, 1974, decision in *Chambers v. Municipal Court, supra*, 43 Cal.App.3d 809 (see *Hale v. Superior Court, supra*, 15 Cal.3d 221, 229, fn. 3).

[8]The court did so in defiance of *Chambers*. (*Hale v. Superior Court, supra*, 15 Cal.3d at p. 229, fn. 3.)

[9]Miller does *not* state that the superior court expressed a "doubt" (§ 1368) on the arraignment date. (*Miller v. Superior Court, supra*, 81 Cal.App.3d at p. 134.)

[10]The opinion only states: "On April 14, 1977, pursuant to Penal Code section 1368, the court made a finding that the petitioner was within the meaning of section 1368, and he was committed to Atascadero State Hospital." (81 Cal.App.3d at p. 134.) Of course, only a "doubt" is expressed pursuant to section 1368. Once expressed, a "trial" proceeds pursuant to section 1369. If a finding of incompetence is made further proceedings are pursuant to section 1370.

(§ 1368), and no opinion concerning defendant competency expressed by defense counsel (§ 1368), nevertheless, *Miller* v. *Superior Court* holds "[s]ince petitioner was found mentally incompetent shortly after the superior court arraignment, under *Chambers* and *Hale*, he was not lawfully committed, and the information must be set aside." (*Miller* v. *Superior Court, supra,* 81 Cal.App.3d at p. 137.)

As we explain, *Miller* v. *Superior Court* is wrongly decided.

In responding to the Attorney General's observation that there was no evidence petitioner was incompetent at his preliminary examination, the Court of Appeal stated ". . . it would be a useless gesture on the part of the petitioner to attempt to present evidence that he was incompetent before he was arraigned in superior court." (81 Cal.App.3d at p. 136.)

This response reflects a fundamental misunderstanding of the law. A defendant is *presumed* competent. (§ 1369, subd. (f); *Hale* v. *Superior Court, supra,* 15 Cal.3d 221, 226; *People* v. *Hightower* (1996) 41 Cal.App.4th 1108, 1111 [49 Cal.Rptr.2d 40].) "If, during the pendency of an action . . . a doubt arises in the mind of the judge as to the mental competence of the defendant, he *shall* state that doubt in the record . . . ." (§ 1368; *Hale* v. *Superior Court, supra,* 15 Cal.3d 221, 226.) Enactment of section 1368.1 left intact this mandate of section 1368. It also left intact *who* determines the presence or absence of a section 1368 "doubt." It is the judge, not defense counsel. (*People* v. *Davis* (1995) 10 Cal.4th 463, 526-627 [41 Cal.Rptr.2d 826, 896 P.2d 119]; *People* v. *Rodrigues* (1994) 8 Cal.4th 1060, 1111-1112 [36 Cal.Rptr.2d 235, 885 P.2d 1]; *People* v. *Stewart* (1979) 89 Cal.App.3d 992, 996 [153 Cal.Rptr. 242].) Therefore, unless the judge states a "doubt in the record" the defendant is presumed competent and if held to answer, he has "been legally committed by a magistrate." (§ 995, subd. (a)(2)(A).)

When, pursuant to section 995, a defendant challenges the lawfulness of his commitment, "[e]very legitimate inference that may be drawn from the evidence must be drawn in favor of the information." (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) "Neither the trial court in a section 995 proceeding [citations] nor a reviewing court on appeal therefrom [citations] may substitute its judgment as to the weight of the evidence for that of the committing magistrate." (*People* v. *Hall* (1971) 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664].) "A motion under Penal Code section 995 cannot resolve problems not apparent from the transcript of the preliminary hearing . . . . Cases involving motions under

Penal Code section 995 are simply not applicable where the error is unascertainable from the preliminary hearing transcript . . . ." (*Merrill* v. *Superior Court* (1994) 27 Cal.App.4th 1586, 1596 [33 Cal.Rptr.2d 515]; *People* v. *Crudgington* (1979) 88 Cal.App.3d 295, 299 [151 Cal.Rptr. 737].)

■ In responding to the Attorney General's contention that both the magistrate and defense counsel had a duty to state their "doubts" on the record, at the preliminary examination, the Court of Appeal stated "[t]he statute allows the judge or defense counsel to raise the issue of competency at any time prior to judgment." (*Miller* v. *Superior Court, supra,* 81 Cal.App.3d 132, 137.) Again, this response reflects a fundamental misunderstanding of the law.

If and *when* a judge has a "doubt" he must state it on the record. (§ 1368.) Once stated, criminal proceedings must be *suspended* and a competence hearing held. (§ 1369; *People* v. *Marks* (1988) 45 Cal.3d 1335, 1340 [248 Cal.Rptr. 874, 756 P.2d 260].) If a defendant is found incompetent criminal proceedings remain suspended. (§ 1370.) But if, and when, competence is restored, criminal proceedings are *resumed—not* begun anew.

Contrary to the implication of *Miller* v. *Superior Court, supra,* 81 Cal.App.3d 137, section 1368 does not confer upon defense counsel the power to nullify a lengthy guilt trial and/or lengthy penalty trial if, for the first time, the defendant is not competent at the time of pronouncement of judgment.

In the instant case, as in *Miller* v. *Superior Court,* there is no evidence petitioner was not competent at his preliminary examination.[11] At the section 995 hearing the court asked defense counsel (who had continuously represented petitioner) "if you had a concern about his mental state at the time of the preliminary hearing . . . you would have voiced it, would you not, for the record?" And counsel replied "I would have voiced it probably."

Because petitioner was lawfully committed, the superior court properly denied his section 995 motion.

---

[11]*And* thereafter, since on December 19, 1995, he was arraigned in superior court, pleaded not guilty and denied special allegations. No "doubt" was expressed on that date.

DISPOSITION

The petition for a writ of prohibition is denied.

Lillie, P. J., concurred.

**JOHNSON, J.**—I concur in the judgment but not in the disapproval of *Miller* v. *Superior Court* (1978) 81 Cal.App.3d 132 [146 Cal.Rptr. 253]. Rather I would distinguish that case on the grounds the finding of incompetency there followed so closely on the heels of the preliminary hearing it would have been disingenuous to conclude the defendant was competent at the time of that hearing. In contrast, here there had been a finding of competency a few months before the preliminary hearing then a finding of incompetency a couple of months after that hearing. On such a record, it is difficult to assume or find incompetency at the time of the preliminary hearing. Thus, I would uphold the preliminary hearing for that reason, and that reason alone, and allow the proceedings to continue. On the other hand, faced with the circumstances the trial court confronted in *Miller* v. *Superior Court*, I would require a new preliminary hearing.

A petition for a rehearing was denied September 11, 1997, and petitioner's application for review by the Supreme Court was denied December 10, 1997. Mosk, J., and Kennard, J., were of the opinion that the application should be granted.