Filed 5/9/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RAFAEL VILLANUEVA FIGUEROA,<br><br>    Defendant and Respondent. | H043204<br>(Santa Clara County<br>Super. Ct. No. C1361770 |

A criminal defendant and the People have the right to have a preliminary examination (or, preliminary hearing) set "at the earliest possible time."  (Pen. Code, § 859b.)[1]  And as part of the statutory scheme ensuring a defendant's constitutional right to a speedy trial, "[t]he magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings [after a doubt is declared as to the defendant's competence], "unless the defendant personally waives [that] right."  (*Ibid.*)

Here, defendant Rafael Villanueva Figueroa was charged in July 2013 with two felonies (with gang enhancements) and one misdemeanor, and he waived arraignment. The next month, and before he entered a plea, the court declared a doubt as to defendant's competence to stand trial and suspended criminal proceedings pursuant to section 1368. Seven months later, in March 2014, the proceedings were reinstated.  Shortly afterward, defendant was advised by the court—erroneously, as we will hold—that he was entitled

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

to have a preliminary hearing within 60 days of reinstatement of the proceedings, and defendant personally waived that purported right. In a hearing the next month, he pleaded not guilty, but he did not waive –nor was he asked to waive—the setting of a preliminary hearing within 60 days of the entry of his plea. After a long history of continuances, defendant moved to dismiss the complaint, arguing that his right under section 859b to have a preliminary examination set within 60 days of his plea had been abridged. The court granted the motion on October 21, 2015.

The People appeal the dismissal order, arguing that defendant had expressly waived his rights under section 859b by waiving the purported right to the setting of the preliminary hearing within 60 days of reinstatement of the criminal proceedings. We conclude that any purported waiver by defendant was ineffective because the 60-day period required under section 859b had not commenced at the time it was made. Because defendant had not entered a plea prior to suspension of criminal proceedings, the 60-day period for setting the preliminary hearing was not triggered by the subsequent reinstatement of proceedings; defendant's later not guilty plea was the triggering event. The absence of defendant's express personal waiver after he pleaded not guilty and the passage of more than 60 days compelled dismissal of the complaint. We will therefore affirm.

## FACTS

The parties concur that the facts underlying the criminal proceedings herein are not relevant to the issues on appeal.

## PROCEDURAL BACKGROUND

On July 23, 2013, the Santa Clara County District Attorney filed a complaint, alleging that defendant committed two felonies, possession of a billy (§ 22210; count 1) and bringing or sending a deadly weapon into jail (§ 4574, subd. (a); count 2), and one misdemeanor, using or being under the influence of a controlled substance (Health & Saf.

2

Code, § 11550, subd. (a); count 3).  The District Attorney also alleged that counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).

On August 14, 2013—after defendant's waiver of arraignment and prior to his entering a plea—the court declared a doubt as to defendant's mental competency pursuant to section 1368 and suspended criminal proceedings.  There were 10 intervening hearings in which defendant appeared while proceedings were suspended.  On the 10th such hearing, on March 12, 2014, the court, after receiving the reports of two mental health professionals, found defendant competent and reinstated criminal proceedings.  The court scheduled a further hearing for March 24, 2014.

Defendant, who had been out of custody on bail since September 13, 2013, appeared with counsel at the March 24, 2014 hearing.  Defense counsel requested a two-week continuance to facilitate discussions with the District Attorney's office.  The court stated its understanding that there needed to be a preliminary examination scheduled by April 12, 2014, "unless there's a new 60[-]day time waiver."[2]  Defense counsel stated that her client was prepared to waive time.  The court and defendant then had the following exchange:  "[The Court:]  Mr. Villanueva-Figueroa, on your felony case that is now back after criminal proceedings were reinstated you have a right to have a preliminary hearing begin within 60 days after the date that the criminal proceedings were reinstated.  [¶] Do you understand that you have that right?  [¶ Defendant:] Yes.  [¶ The Court:] Will you give up that right today?  [¶ Defendant:] Yes.  [¶ The Court:]  All right.  Thank you.  So

---

[2] Although this statement suggests there may have been a prior time waiver by defendant, the record reflects no such waiver of time for setting a preliminary hearing.  Additionally, the court's identification of the purported 60-day deadline as April 12, 2014—apparently based upon 60 days from the reinstatement of proceedings—was incorrect.  The correct date—assuming it was a proper deadline under section 859b in this instance, which, as we discuss, it was not—would have been May 12, 2014.

there is a 60[-]day time waiver." The court then scheduled a further hearing for April 10, 2014.

On April 10, 2014, defense counsel stated that her client would be pleading not guilty and that "[t]ime is waived. Have the matter set for [a] preliminary hearing." In the following exchange, the court then obtained defendant's personal waiver of the 10-court-day requirement for commencement of a preliminary hearing: "[The Court:] On that case we'll enter pleas of not guilty today. The allegations will be denied. [¶] Sir, you have the right to have your preliminary hearing begin within ten court days of the date that we entered a not guilty plea on your behalf. [¶] Do you understand that? [¶ Defendant:] Yes. [¶ The Court:] Do you give up that right? [¶ Defendant:] Yes. [¶ The Court:] So the ten[-]day rule is waived." The court then scheduled a preliminary hearing for April 30, 2014.

At defense counsel's request, on April 25, 2014, the court vacated the preliminary hearing. Eight continuances of the proceedings followed.[3] At a further hearing on March 13, 2015, in which defendant and his counsel were present, the court stated its understanding, confirmed by defense counsel, that pleas had previously been entered. The court then inquired, "Time is waived?" Defense counsel responded: "Time is waived. Thank you." No direct inquiry of defendant was made at this proceeding.[4] The court set a preliminary examination for June 10, 2015. The matter was twice continued

---

[3] The record reflects nine hearings between April 25, 2014, and February 24, 2015. No time waiver by defendant is reflected in the clerk's minutes for any of those hearings.

[4] Although the clerk's minutes for the March 13, 2015 hearing reflect defendant's waiver of time and his entry of a not guilty plea, as seen from the reporter's transcript, defendant did not (again) enter a not guilty plea and did not personally waive time. (See *In re Merrick V.* (2004) 122 Cal.App.4th 235, 249 [conflicts existing "between reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript"].)

4

further.  On the second occasion, the case was continued to October 14, 2015, for a hearing on defendant's anticipated motion to dismiss pursuant to section 859b.

After the filing of briefs in support of, and in opposition to, defendant's motion to dismiss, the court heard argument on the motion on October 14, 2015.  On October 21, 2015, the court announced its decision to grant the motion to dismiss.  It filed a thorough, well-reasoned order on the same date.

## DISCUSSION

### I. *Dismissal of the Complaint Was Required Under Section 859b*

#### A. Introduction

The crux of this case is whether defendant gave an effective personal waiver of his right to a timely preliminary examination.  Defendant contends that under section 859b, he was entitled to have a preliminary examination on or before June 9, 2012—60 days after he entered a not guilty plea.  The only exception precluding dismissal would have been if he had personally waived that right, which he contends he did not.  The People argue that defendant *did* personally waive his rights under section 859b by waiving the purported right under the statute to have the preliminary examination on or before May 12, 2014—60 days after the court reinstated criminal proceedings.  The People point to the record from the hearing on March 24, 2014, as reflecting defendant's clear personal waiver.

The heart of this controversy is therefore the meaning and application of the language in the statute—what we will call the 60-day rule—that requires the magistrate's dismissal of the complaint if the preliminary examination is set or continued to a date "more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings." (§ 859b.)  The statute does not expressly identify which of the three events is to be used as the benchmark for calculating the 60-day period.  Is it the earliest-occurring event that triggers the 60-day period?  Alternatively, is it the latest-occurring event that results in the commencement of the 60-day period for the preliminary

5

examination?  And, in the less common instance in which the court declares a doubt as to the criminal defendant's competence and suspends the proceedings, either before or after the defendant has been arraigned and entered a plea, how is the 60-day rule applied once the court—as occurred here—reinstates the proceedings?

In determining whether dismissal of the complaint was error, " 'we disregard the superior court's ruling and directly examine the magistrate's ruling to determine if the dismissal of the complaint was erroneous as a matter of law.' [Citation.]" (*People v. Love* (2005) 132 Cal.App.4th 276, 282 (*Love*), quoting *People v. Massey* (2000) 79 Cal.App.4th 204, 210.)  And where, as here, we are called to interpret statutory language, our review is an independent one.  (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387; *Love*, at p. 284.)

### B.    Section 859b Generally

Section 859b, inter alia, specifies the timing of scheduling preliminary examinations in felony cases and the consequences associated with abridging those time requirements.[5]  The statute "is one of a number of statutes 'that are supplementary to and

---

[5] "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination.  The magistrate shall also issue subpoenas, duly subscribed, for witnesses within the state, required either by the prosecution or the defense.  [¶] Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2.  [¶] Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or

(*Cont.*)

6

a construction of the constitutional right to a speedy trial.' [Citation.]" (*People v. Standish* (2006) 38 Cal.4th 858, 870 (*Standish*), quoting *People v. Luu* (1989) 209 Cal.App.3d 1399, 1404.)

Generally, section 859b has three components—or, as the trial court put it, "three rights associated with the timing of a preliminary examination." First, the defendant *and* the People have a right to a preliminary examination "at the earliest possible time," with the presumptive outside period (absent waiver or good cause for continuance) being "10 court days of the date the defendant is arraigned or pleads, whichever occurs later." (§ 859b [2d par.]; see *People v. Alvarez* (1989) 208 Cal.App.3d 567, 573 [language in section 859b " 'within 10 court days' " operates as a definition of the phrase "earliest

reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. [¶] For purposes of this subdivision, "good cause" includes, but is not limited to, those cases involving allegations that a violation of one or more of the sections specified in subdivision (a) of Section 11165.1 or in Section 11165.6 has occurred and the prosecuting attorney assigned to the case has another trial, preliminary hearing, or motion to suppress in progress in that court or another court. Any continuance under this paragraph shall be limited to a maximum of three additional court days. [¶] If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless: [¶] (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period. [¶] (2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great. [¶] (3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant. [¶] (4) The illness of counsel. [¶] (5) The unexpected engagement of counsel in a jury trial. [¶] (6) Unforeseen conflicts of interest which require appointment of new counsel. [¶] The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b.)

7

possible time"].)  (Hereafter, this provision is identified as the presumptive 10-court-day rule.)  Second, when the defendant is in custody and the preliminary hearing is set or continued beyond 10 court days after the arraignment, plea, or reinstatement of criminal proceedings under section 1367 et seq., "the magistrate shall dismiss the complaint" unless the defendant personally waives the 10-court-day requirement, or the People show good cause for a continuance beyond that period.  (§ 859b [3d par.]; see *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 8 (*Landrum*) [policy of section 859b is that "prolonged pre-preliminary examination incarceration should be prevented"].)  (Hereafter, this provision is identified as the mandatory 10-court-day rule.)  Third, as an outside time limit, regardless of whether the defendant is in custody, "[t]he magistrate shall dismiss the complaint if the preliminary hearing is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings," absent defendant's personal waiver of this 60-day period.  (§ 859b [6th par.].)  This third component of the statute—the 60-day rule—is the one at issue in this appeal.[6]

As the language of the statute suggests—i.e., *"shall* dismiss the complaint" (§ 859b, italics added)—the magistrate is *required to* dismiss the complaint if the court fails to adhere to the mandatory 10-court-day rule for incarcerated defendants or the 60-day rule for all defendants.  (*Standish*, *supra*, 38 Cal.4th at pp. 869-870 [language concerning dismissal where preliminary hearing is set or continued more than 10 court days after arraignment or plea for incarcerated defendants is mandatory]; *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 729 (*Ramos*) ["shall" as used by Legislature "to describe the action to be taken by the magistrate [if 60-day rule is violated] means the statute is absolute"]; *id.* at p. 730.)  Mandatory dismissal for noncompliance with the 60-day rule is warranted because "[t]he 60-day limit acts to protect the defendant's right to a

<hr>

[6] For ease of reference, we will refer collectively to the presumptive 10-court-day rule, the mandatory 10-court-day rule, and the 60-day rule as the three section 859b rules.

speedy preliminary examination by insuring him [or her] that, despite good cause for postponement beyond 10 days, the matter cannot be postponed indefinitely. The 60-day limit also insures that criminal cases are expeditiously moved through the courts." (*People v. Mackey* (1985) 176 Cal.App.3d 177, 184, fn. omitted (*Mackey*).)

### C. Legislative History of Section 859b

Section 859b was enacted in 1963. (Stats. 1963, ch. 1174, § 1, p. 2670.)[7] The original enactment contained no provision for the time within which the court was required to set a preliminary examination, other than calling for the court to provide at least two days (excluding Sundays and holidays) for the parties to prepare for such hearing. (*Ibid.*) Preexisting "[c]ase law required only that the accused, whether in custody or at liberty, be afforded a preliminary examination without 'unreasonable delay.' " (*Standish*, *supra*, 38 Cal.4th at p. 867, quoting *People v. Du Bose* (1970) 10 Cal.App.3d 544, 550.)

The Legislature's 1970 amendment to section 859b included a provision—the precursor to the mandatory 10-court-day rule—that, absent a waiver, an in-custody defendant was entitled "to a preliminary examination within 10 court days of the date he is arraigned or pleads, whichever occurs later." (Stats. 1970, ch. 1371, § 1, p. 2537.)[8] In 1977, the Legislature again amended section 859b, including a provision—the presumptive 10-court-day rule—that the defendant and the People were entitled "to a preliminary examination at the earliest possible time" and that, absent waiver or

---

[7] Section 859b has been amended on eight occasions since 1963. We mention only four of those amendments here.

[8] Although the statute, under the 1970 amendment, did not specifically provide a remedy, one appellate court concluded that dismissal was required where the incarcerated defendant's substantial rights were infringed by the failure to conduct a preliminary hearing within the specified 10-court-day period. (See *Serrato v. Superior Court* (1978) 76 Cal.App.3d 459, 468-470, superseded by statute on another ground as stated in *Stroud v. Superior Court* (2000) 23 Cal.4th 952, 965.)

continuance for good cause, it "shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later." (Stats. 1977, ch. 1152, § 1, p. 3698.) A 1980 amendment to the statute introduced the 60-day rule, providing that, absent the defendant's personal waiver, the complaint was subject to dismissal "if the preliminary examination is set or continued more than 60 days from the date of the arraignment or plea." (Stats. 1980, ch. 938, § 1, p. 2965.) And in the latest amendment to section 859b in 1996, the revision included the reinstatement of criminal proceedings under section 1370 as a third event (in addition to arraignment or plea) that would potentially trigger the periods under each of the three section 859b rules. (Stats. 1996, ch. 122, § 1, p. 462.)

### D. Interpretation of Statute's Language

#### 1. *Two Triggering Events: Arraignment or Plea*

As we have discussed, *ante*, section 859b existed in various forms for a number of years before the latest amendment in 1996 included reinstatement of criminal proceedings as one of the triggering events for the 60-day rule. (See Stats. 1996, ch. 122, § 1, p. 462.) We will therefore address initially the meaning and application of the statute by considering only two of the three events (arraignment and plea) that potentially trigger the 60-day rule. We will then consider the statute insofar as it includes the third potential triggering event, reinstatement of criminal proceedings.

We note the familiar rules of statutory interpretation that guide our analysis. "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.) In ascertaining this intent, "[w]e begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes.

10

[Citation.] We must harmonize the various parts of the enactments by considering them in the context of the statutory framework as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history. [Citation.]" (*People v. Cole* (2006) 38 Cal.4th 964, 975 (*Cole*); see also *People v. Murphy* (2001) 25 Cal.4th 136, 142.)

The Legislature employed language in the disjunctive to identify the three events that potentially trigger the 60-day deadline under section 859b for the preliminary examination. That portion of the statute does not specify how the 60-day deadline is determined if the three events occur at different times. But elsewhere in section 859b, both the defendant and the People are granted the right to have "a preliminary examination at the earliest possible time," which, absent both parties' waiver or good cause for a continuance, shall be "within 10 court days of the date the defendant is arraigned or pleads, *whichever occurs later*." (§ 859b, italics added.) This language demonstrates the Legislature's recognition that the arraignment and plea are two separate events that may, or may not, occur on the same date. "[T]he entry of the plea is a separate act, not a part of the arraignment, although it may (or may not) follow at the same session of court." (*Chartuck v. Municipal Court* (1975) 50 Cal.App.3d 931, 937 (*Chartuck*); see § 1003 [plea is to be entered "at the time of arraignment or at such other time as may be allowed to the defendant for that purpose"].) Further, because the statute refers first to the events of arraignment or plea by specifying that it is the later of the two events triggering the time under the presumptive 10-court-day rule, it is reasonable to infer a similar provision in section 859b's description of the 60-day rule. In so interpreting the statute, we fulfill our duty to "harmonize the various parts of [section 859b] by considering them in the context of the statutory framework as a whole." (*Cole*, *supra*, 38 Cal.4th at p. 975.)

11

In addition to the statutory language itself supporting the 60-day period being triggered by *the later of* the arraignment or plea, that conclusion makes practical sense in the context of the three relevant events of the criminal proceeding: the arraignment, plea, and preliminary examination. A criminal defendant must be arraigned "without unnecessary delay" and, in general, within 48 hours (excluding Saturdays, Sundays, and holidays) of his or her arrest. (§ 825, subd. (a)(1).) The arraignment "is the defendant's first court appearance. [Citations.]" (Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2016) § 6.1, p. 126.) Although the court at the arraignment must afford the defendant the opportunity to enter a plea (see § 988), the entry of a plea may be postponed. (See § 990 [where the defendant at arraignment so requires, he or she "must be allowed a reasonable time to answer"]; § 1003 [demurrer or plea must be taken at "arraignment or at such other time as may be allowed to the defendant for that purpose"].) And as noted by trial court here, as practical matter, the defendant's entry of a plea is often deferred for a significant period of time after arraignment, while the defendant, among other things, consults counsel, obtains discovery, and explores with the prosecution a potential resolution of the case. (See Levenson, Cal. Criminal Procedure (The Rutter Group 2015) ¶ 13.1, p. 13-3 [typically, the defendant's plea "will occur weeks or even months after the initial appearance, and the defendant will have had time to consult with counsel and to reflect on what plea to enter"].)[9] Given that the arraignment and plea are distinct events (see *Chartuck*, *supra*, 50 Cal.App.3d at p. 937), it is appropriate to view the use of the disjunctive in describing the events applicable to the

_____

[9] The trial court observed: "The parties often engage in substantial settlement negotiations at or around 'plea' hearings. It is common for a felony case to be set multiple times for 'plea' while the parties determine if the case can resolve without conducting, or even setting a preliminary examination."

12

60-day rule as recognition of this fact—no less so than the Legislature's express acknowledgment in the wording of the presumptive 10-court-day rule.

Reading the statute as calling for the 60 days to be triggered by the arraignment or plea, whichever occurs later, is also consistent with the function of the preliminary examination and its relationship with the defendant's plea. The first paragraph of section 859b provides that the magistrate's duty to set a preliminary hearing is triggered when the defendant is charged with "a felony to which [he or she] has not pleaded guilty in accordance with Section 859a." (See § 859a [plea of guilty or no contest before magistrate results in case being certified to superior court for entry of judgment, bypassing preliminary hearing].) Thus, in the typical case, the magistrate conducts a preliminary hearing "after a defendant has been arraigned and has pleaded not guilty to one or more felony charges lodged in the complaint." (See Cal. Judges Benchguides, Benchguide 92: Preliminary Hearings (CJER rev. 2012) § 92.7, p. 92-13; see also 40 Ops.Cal.Atty.Gen. 41 (1962) ["the defendant's disposition to plead must be ascertained before it will be known whether a preliminary hearing should be set"].) And the entry of a not guilty plea—thereby placing "in issue every material allegation of the [complaint]" (§ 1019)—sets in motion the requirement for a preliminary hearing. (See *Bridgeforth v. Superior Court* (2013) 214 Cal.App.4th 1074, 1086 (*Bridgeforth*).) Therefore, where the arraignment occurs on a date prior to the defendant's entering a plea, the entry of a not guilty plea must be viewed as the condition precedent to the holding of a preliminary examination.

Our interpretation is supported further by the legislative history of section 859b. (See *Ailanto Properties, Inc. v. City of Half Moon Bay* (2006) 142 Cal.App.4th 572, 586 ["examination of the original text of the statute and the evolution of the language . . . is . . . useful in ascertaining its current meaning"].) A specific time requirement for the preliminary examination was first mentioned in a 1970 amendment to the statute requiring that the hearing be set for an in-custody defendant (absent his or her waiver)

13

"within 10 court days of the date he [or she] is arraigned or pleads, whichever occurs later." (Stats. 1970, ch. 1371, § 1, p. 2537.) This amendment demonstrates that at the time, the Legislature was unconcerned with pre-plea delay, and sought to address delay in the setting of preliminary hearings for incarcerated defendants who contested the charges by pleading not guilty. As our high court explained: "The fact that the 10-court-day deadline applies only to persons in custody at the time of their arraignment or plea, whichever is later, has been held to 'manifest[] a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom.' [Citation.]" (*Landrum*, *supra*, 30 Cal.3d at pp. 11-12.)

And a reading of section 859b as providing for the later-occurring event of arraignment or plea as triggering the 60-day period for setting the preliminary hearing is consistent with policies found in other statutes implementing a defendant's speedy trial rights. (See *In re Samano* (1995) 31 Cal.App.4th 984, 989: "[W]e do not read section 859b in isolation.") For instance, "[b]efore 1988, section 1382 provided in pertinent part: 'The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] . . . [¶] 3. [W]hen a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, . . .' " (*People v. Baca* (1989) 211 Cal.App.3d 675, 677 (*Baca*).) The statute was amended in 1987, through enactment of AB 2282, to provide that the 30-day and 45-day periods for bringing the case to trial for incarcerated and out-of-custody defendants, respectively, would run from the date of the defendant's arraignment or plea, "*whichever occurs later*." (Stats. 1987, ch. 577, § 1, p. 1889, italics added.) This change was accomplished "to prevent a defendant from using portions of the speedy trial period while the case remained in a preplea posture. The bill [AB 2282] removed all doubt as to

14

when the running of the speedy trial period commenced and allowed the trial court to grant a continuance for entry of plea without shortening the speedy trial period. Further, such a continuance could be granted without extracting a time waiver from the accused." (*Baca*, at p. 678, fn. omitted.) Section 859b's language implementing the 60-day rule ensuring a defendant's right to a speedy preliminary examination—read in light of the 1987 amendment to section 1382 governing a defendant's speedy trial rights—should be construed as requiring a preliminary hearing within 60 days of *the later of* the defendant's arraignment or plea.

Moreover, construing the 60-day period under section 859b as being triggered by the later-occurring event of arraignment or plea makes logical and practical sense. Considering section 859b as a whole, it would be unreasonable for the later-occurring arraignment or plea to constitute the triggering event under the presumptive 10-court-day rule, while having a different method of determining the triggering event under the 60-day rule. Were we not to harmonize these two parts of section 859b, the 60-day rule, if the defendant's plea occurred more than 60 days after arraignment, would be triggered and the time would elapse *before* the time under the presumptive 10-court-day rule *even commenced*. Or, stated differently, if we were to construe section 859b as calling for the 60-day period to commence with the earlier of the defendant's arraignment or plea, it is conceivable that the setting of the preliminary hearing would be untimely, even though, under the presumptive 10-court-day rule, that hearing would have been conducted "at the earliest possible time." (§ 859b.) This would obviously lead to inconsistency and absurd results. " 'It is the duty of the courts within the framework of the statutes passed by the Legislature, to interpret the statutes so as to make them workable and reasonable.' " (*Regents of University of California v. Superior Court* (1970) 3 Cal.3d 529, 536-537, fn. omitted; see also *In re Eric J.* (1979) 25 Cal.3d 522, 537 [where two possible interpretations of statute are available, court will adopt one that " 'will render it

15

reasonable, fair and harmonious with its manifest purpose,' " rather than the other "
'which would be productive of absurd consequences' "].)[10]

We are aware of no cases suggesting that the 60-day period under section 859b commences when the earlier event—arraignment or plea—occurs. To the contrary, two appellate courts have construed the language of the 60-day rule as we have in this case. In *Mackey*, *supra*, 176 Cal.App.3d at page 181, the defendant, after pleading not guilty, expressly waived the right to have his preliminary examination within 10 court days of such plea. He later withdrew this waiver. (*Id.* at p. 182.) At no time did he waive the right to have the preliminary examination within 60 days of his plea. (*Ibid.*) The preliminary examination was set outside of the 60 days, and the defendant moved to dismiss the complaint on that basis; the motion was denied by the magistrate, but after the information was filed, the superior court granted the defendant's renewed dismissal motion. (*Ibid.*) In the course of concluding that the superior court had been required to grant the defendant's motion to dismiss—rejecting the People's argument that the 60-day period was tolled during the period of the defendant's 10-day waiver—the appellate court explained: "Like section 1382, which requires dismissal for failure to bring a case to trial within 60 days, section 859b makes no mention of suspension of the running of the 60-day period. In clear, unambiguous language the final paragraph of section 859b, a paragraph separate from the 10-day limit paragraph, states that the complaint shall be dismissed if the preliminary examination is set more than 60 days from the arraignment or plea unless the defendant personally waives his right to a preliminary hearing within

---

[10] It would be similarly unreasonable to interpret the language of section 859b, where arraignment and plea occur on separate dates, to provide for parallel time limits for a defendant's right to have a preliminary hearing set within 60 days. Such a construction would be (1) inconsistent with the Legislature's use of the disjunctive in identifying the triggering events, (2) impractical in its enforcement, and (3) without support under case law.

16

60 days.  The ordinary import of this language is that, excepting only his own waiver, a defendant has a right to a preliminary hearing within 60 consecutive calendar days from entry of plea or arraignment, *whichever is later*."  (*Id.* at p. 183, fn. omitted, italics added.)

Likewise, in *Ramos*, *supra*, 146 Cal.App.4th at pages 723 to 724, the magistrate—over the objection of the defendant (Ramos)—continued the preliminary hearing beyond 60 days from entry of plea at the request of a codefendant (Gomez).  The magistrate denied Ramos's motion to dismiss the complaint, and the superior court denied her subsequent writ of prohibition challenging that decision.  (*Id.* at p. 725.)  The appellate court held that Ramos's motion to dismiss should have been granted, holding that "on its face section 859b's 60–day rule is absolute and requires dismissal of a felony complaint against a non-consenting defendant whose preliminary hearing is set or continued more than 60 days from arraignment."  (*Id.* at p. 730.)  The *Ramos* court quoted *Mackey*, *supra*, 176 Cal.App.3d at page 183, that " '[t]he ordinary import of this language [describing the 60-day rule] is that, excepting only his own waiver, a defendant has a right to a preliminary hearing within 60 consecutive calendar days from entry of plea or arraignment, *whichever is later*.' "  (*Ramos*, at p. 729, italics added.)  The *Ramos* court later in its opinion reiterated this interpretation of section 859b, quoting from a California benchbook:  " 'The magistrate must dismiss the complaint if the preliminary hearing is not held within 60 calendar days from the date of the arraignment or plea, *whichever is later*, unless the defendant personally waives the right to a preliminary hearing within 60 days.  [Citation.]' "  (*Ramos*, at p. 731, italics added, quoting Cal. Judges Benchguide 92: Preliminary Hearings (CJER rev. 2004) § 92.37, Consequences of Untimely Hearing.)[11]

─────────────

[11] The identical language quoted by the *Ramos* court appears in the current version of the benchbook.  (See Cal. Judges Benchguide 92: Preliminary Hearings (CJER rev. 2004) § 92.37, Time Limitations.)

(*Cont.*)

17

Based upon the language of the statute itself, the legislative history, and a consideration of the nature of the arraignment, plea, and preliminary examination, we conclude that the 60-day rule implicitly provides the same language—"whichever occurs later"—expressly used to describe the triggering events of arraignment or plea for the presumptive 10-court-day rule. We next consider the impact of the third triggering event specified in section 859b—reinstatement of criminal proceedings—upon our analysis of the trial court's determination that dismissal of the complaint was required under the statute.

### 2. *Third Triggering Event: Reinstatement of Proceedings*

Under section 1368, " 'if at any time during the pendency of a criminal case a doubt arises as to [the defendant's] mental competency, all criminal proceedings must be suspended until a hearing has been conducted to determine whether the defendant is presently mentally competent.' [Citation.] Indeed, once a doubt has arisen as to the competence of the defendant to stand trial, the trial court has no jurisdiction to proceed with the case against the defendant without first determining his competence in a section 1368 hearing, and the matter cannot be waived by defendant or his counsel. [Citations.]" (*People v. Hale* (1988) 44 Cal.3d 531, 540-541, italics omitted.) If, after suspension of proceedings, the court finds the defendant "mentally competent, the criminal process shall resume." (§ 1370, subd. (a)(1)(A); see also *Booth v. Superior Court* (1997) 57 Cal.App.4th 91, 100 (*Booth*).)

---

Additionally, although not using the language found in *Mackey*, *supra*, 176 Cal.App.3d at page 181 and *Ramos*, *supra*, 146 Cal.App.4th at page 729, two other courts have held implicitly—in instances in which the defendant's plea followed some time after his or her arraignment—that section 859b provides that the 60-day period for setting a preliminary hearing commences with the later of the arraignment or entry of plea. (See *People v. Lind* (2014) 230 Cal.App.4th 709, 713; *Love*, *supra*, 132 Cal.App.4th at p. 280.)

18

As noted, in 1996, the Legislature amended section 859b to provide that the reinstatement of criminal proceedings under section 1370 was a third event—besides arraignment or plea—that could potentially trigger the periods under each of the three section 859b rules. (Stats. 1996, ch. 122, § 1, p. 462.) The 1996 amendment's first reference to reinstatement of proceedings appears in the second paragraph, adding a third triggering event relative to the presumptive 10-court-day rule by providing that ". . . the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, *or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2*." (Stats. 1996, ch. 122, § 1, p. 462, italics added to denote new material.) The two subsequent references in the 1996 amendment to reinstatement of proceedings—including the one concerning the 60-day rule at issue here—must be viewed in this context as also introducing a third triggering event. But what is unclear and is critical to this case is the interplay between the two triggering events, arraignment or plea, whichever occurs later, and reinstatement when the criminal proceedings are suspended (as occurred here) prior to the preliminary examination.

The concurrent amendment in 1996 of section 1382 is illuminating. (*In re Samano*, *supra*, 31 Cal.App.4th at p. 989 [proper to read § 859b in context of other statutes].) In the same bill that proposed revisions to section 859b (AB 2254), the Legislature amended section 1382 to similarly include the reinstatement of criminal proceedings as an additional event—along with the previously specified events of the finding of the indictment and the filing of the information—that could trigger the defendant's statutory right to a speedy trial within 60 days. (Stats. 1996, ch. 122, § 2, p. 463 [amending § 1382, subd. (a)(2) to provide that absent good cause, court shall dismiss action if case is "not brought to trial in a superior court within 60 days after the finding of the indictment, filing of the information, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of

19

Part 2"].)  The author of AB 2254 explained the necessity of the proposed amendment to section 1382 as follows:  "Penal Code section 1382 requires that a defendant accused of a felony be brought to trial within 60 days of his/her arraignment.  A problem arises when a doubt is raised about a defendant's mental competence to stand trial at or near the expiration of the 60-day period.  At that point he/she is referred out for mental evaluation.  This process can last weeks or even months.  In the event a defendant is deemed competent to stand trial, the case is returned to court.  Defendants will then argue that the prosecution only has the few days remaining prior to the expiration of the original 60 day period to bring the case to trial.  This requires the district attorney to keep witnesses under subpoena for the entire period of evaluation and forces the court to find an available court room at the last minute.  *This bill will correct these problems by providing a new 60-day period to begin running upon a defendant's return to court upon a finding of competency.*"  (Sen. Rules Com., Off. Of Sen. Floor Analyses, Assem. Bill No. 2254 (1995-1996 Reg. Sess.) Jun. 12, 1996, p. 2, italics added.)  At the time of the proposed amendment to section 1382, it was further explained that "[w]hen a court must examine a defendant for mental competence, existing law provides that no proceedings shall occur during that time but does not provide for a waiver or extension of the speedy trial time limits when a defendant is declared to be competent and the criminal proceedings are reinstated.  Thus, if the competency of the defendant is questioned well into the 60-day time limit, when proceedings are reinstated the trial must be set within the original 60 days if the defendant does not waive his/her right.  [¶] . . . [¶] This bill provides that when the competency of a defendant is evaluated and then proceedings are reinstated, *the original timelines begin again*.  Thus, when criminal proceedings are reinstated after a competency hearing, the preliminary hearing must be within 10 court days (if it has not already occurred) and the trial must be brought within 60 days from the date of the reinstatement."  (Sen. Com. on Crim. Procedure, Assem. Bill No. 2254 (1995-1996 Reg. Sess.) Jun. 11, 1996, pp. 2-3, italics added.)

The evident purpose of AB 2254 in amending sections 859b and 1382 was to address the practical difficulties faced when the timelines under the respective statutes had commenced but had not yet run at the time criminal proceedings were suspended under section 1368. Thus, with the inclusion of the reinstatement event in the 1996 amendment to section 859b, for example, if the court declared a doubt as to a defendant's competence 59 days after he or she had entered a not guilty plea, it would not be required to hear the preliminary examination within one day after it reinstated criminal proceedings. But in instances where, as here, "the original timelines" (Sen. Com. on Crim. Procedure, Assem. Bill No. 2254 (1995-1996 Reg. Sess.) Jun. 11, 1996, pp. 2-3) had not yet been triggered at the time proceedings were suspended—because the defendant's plea had not yet been entered—the reinstatement of proceedings would be irrelevant to calculating the 60-day period required for setting the preliminary hearing.[12] As discussed, *ante*, unless the arraignment and plea occur at the same time, it is generally the case that the entry of a not guilty plea—the condition precedent of holding a preliminary examination—will trigger the 60-day rule for the setting of the preliminary hearing.

### E. Conclusion

Although defendant waived arraignment the day after the complaint was filed on July 23, 2013, he did not enter a plea before criminal proceedings were suspended on August 14, 2013. As of that date, the 60-day period required for setting a preliminary examination under section 859b had not yet commenced. Therefore, the court's

---

[12] And, of course, if the defendant has already been held to answer before proceedings are suspended, upon reinstatement, since the proceedings are resumed (rather than begun anew), the reinstatement event is likewise irrelevant to the 60-day rule. (See *Booth*, *supra*, 57 Cal.App.4th 91 [defendant who was previously been held to answer before doubt being declared as to his competence to stand trial is not entitled to new preliminary hearing after reinstatement of criminal proceedings].)

reinstatement of proceedings thereafter on March 12, 2014, had no effect on the 60-day rule. Defendant's entry of a plea of not guilty on April 10, 2014, was the event that triggered the 60-day rule. He did not thereafter personally waive the right to have the preliminary examination set within 60 days of his plea (i.e., June 9, 2012), and no preliminary examination was set within that period. The complaint was therefore subject to mandatory dismissal under section 859b.

Defendant's purported waiver—made 17 days *before* his entry of a not guilty plea—of the setting of a preliminary examination within 60 days of reinstatement of proceedings (i.e., May 12, 2014) does not alter this conclusion. Since the 60-day period under section 859b had not yet been triggered when the purported waiver was secured, it was of no consequence. (Cf. *Irving v. Superior Court* (1979) 93 Cal.App.3d 596, 599 [no personal waiver of mandatory 10-day rule under § 859b for in-custody defendant, where defendant consented to continuance of preliminary hearing "when the court erroneously informed him that he would not be waiving time" in giving such consent].)

There may be some temptation to treat defendant's agreement to relinquish his *supposed* right to a preliminary examination by May 12, 2014, as a prospective waiver of his *actual* right to such hearing within 60 days of his subsequently entered plea. And the subsequent references by defendant's counsel to her client's prior time waiver might be used to bolster this inclination. But such a conclusion would be erroneous. Section 859b compels dismissal of the complaint if the preliminary examination is set or continued more than 60 days after the triggering event—in this case, entry of defendant's plea— "unless the defendant personally waives [that] right." The right had not yet accrued, because defendant had not yet pleaded not guilty. As such, he "occupie[d] a vastly different position" as "one who is considering waiving his . . . constitutional rights and admitting guilt pursuant to a pre-indictment plea offer," as compared with one "who has pleaded not guilty and will have a preliminary hearing." (*Bridgeforth*, *supra*, 214 Cal.App.4th at p. 1086.) Between the time of defendant's purported waiver and his not

22

guilty plea, his outlook toward the case, including his view concerning the timing of the preliminary hearing, may have changed. The fact that, based upon the circumstances here, it may be a reasonable *supposition* that he *would have waived* that right is no substitute for the statute's personal waiver requirement. (*Standish*, *supra*, 38 Cal.4th at pp. 869-870 [language concerning dismissal where preliminary hearing is set or continued more than 10 court days after arraignment or plea for incarcerated defendants is mandatory]; *Ramos*, *supra*, 146 Cal.App.4th at p. 729 ["right to . . . preliminary hearing within 60 days . . . is absolute absent defendant's personal waiver"].) Any contention that defendant impliedly waived his rights under section 859b must therefore be rejected.

## DISPOSITION

The order dismissing the complaint is affirmed.

_____
RUSHING, P.J.

WE CONCUR:



_____
PREMO, J.




_____
ELIA, J.




*People v. Figueroa*
**H043204**

| Trial Court: | Santa Clara County Superior Court |
|---|---|
| | Superior Court No.: C1361770 |

Trial Judge:                        The Honorable Daniel Nishigaya

Attorney for Defendant and Respondent     Laurie Wilmore
Rafael Villanueva Figueroa:                under appointment by the Court of
Appeal for Respondent

Attorneys for Plaintiff and Appellant      Kamala D. Harris
The People:                             Attorney General

Gerald A. Engler
Chief Assistant Attorney General

Jeffrey M. Laurence
Senior Assistant Attorney General

Laurence K. Sullivan
Supervising Deputy Attorney General

Bridget Billeter
Deputy Attorney General

*People v. Figueroa*
**H043204**