Filed 1/11/21  Lopez v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| MICHAEL LOPEZ, | C092363 |
| Petitioner, | (Super. Ct. No. CR201915) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Petitioner Michael Lopez seeks extraordinary writ relief from the trial court's order denying his motion to dismiss pursuant to Penal Code section 1382, subdivision (a)(1).[1]  The motion alleged the district attorney failed to file the information within 15 days of the court's commitment order.  Because the proceedings were suspended under

---

[1]  Undesignated statutory references are to the Penal Code.

section 1368, we conclude there was, at a minimum, good cause for denying petitioner's motion to dismiss.  Therefore, we shall deny his petition.

## I.  BACKGROUND

On May 15, 2020, the Yolo County District Attorney filed a complaint charging petitioner with two felony counts of threats to commit a crime resulting in death or great bodily injury (§ 422) and two misdemeanor counts of brandishing a deadly weapon other than a firearm (§ 417, subd. (a)(1)).  Petitioner pled not guilty, and his counsel requested the preliminary hearing occur within 10 days.  The court set a preliminary hearing for June 4, 2020.

Upon completion of the preliminary hearing, the court held petitioner to answer on all counts.  Before the court set a date for arraignment on the information, doubt was declared as to petitioner's competency pursuant to section 1368.  The court suspended proceedings the same day, and appointed a doctor to evaluate petitioner.

Eighteen days later, on June 22, 2020, the People filed an information charging petitioner with the same counts as in the complaint.  The next day, petitioner moved to dismiss pursuant to section 1382, subdivision (a)(1) on the basis that the district attorney failed to file the information within 15 days of the court's commitment order as required by section 739.

On June 29, 2020, the trial court found petitioner competent and reinstated criminal proceedings before addressing the motion to dismiss.  The court denied the motion, explaining, "The suspension of criminal proceedings is the suspension of criminal proceedings, including process."

Petitioner sought review in this court by filing a petition for writ of mandate, prohibition, or other appropriate relief.  We issued an order to show cause why the relief prayed for in the petition should not be granted.  The People filed a return.

## II. DISCUSSION

Section 739 provides, in relevant part: "When a defendant has been examined and committed, . . . it shall be the duty of the district attorney . . . to file in the superior court . . . within 15 days after the commitment, an information against the defendant." (See also Cal. Rules of Court, rule 4.110(1) ["The information must be filed within 15 days after a person has been held to answer for a public offense"].) Section 1382, subdivision (a)(1) requires the court, "unless good cause to the contrary is shown," to dismiss an action "[w]hen a person has been held to answer for a public offense and an information is not filed against that person within 15 days." This provision is " 'supplementary to and a construction of' the state constitutional speedy trial guarantee." (*People v. Martinez* (2000) 22 Cal.4th 750, 766.)

### A.    *Suspension of Proceedings*

The question presented in the petition is whether the suspension of proceedings pursuant to section 1368 after a commitment order also suspends the 15-day requirement for filing the information. The answer to this question turns on the nature of the suspension of the proceedings.

"The constitutional guarantee of due process forbids a court from trying or convicting a criminal defendant who is mentally incompetent to stand trial." (*People v. Rodas* (2018) 6 Cal.5th 219, 230.) " ' "Both federal due process and state law require a trial judge to suspend trial proceedings and conduct a competency hearing whenever the court is presented with substantial evidence of incompetence . . . ." ' " (*People v. Sattiewhite* (2014) 59 Cal.4th 446, 464.) Specifically, "[u]nder section 1368, ' "if at any time during the pendency of a criminal case a doubt arises as to [the defendant's] mental competency, all criminal proceedings must be suspended until a hearing has been conducted to determine whether the defendant is presently mentally competent." ' " (*People v. Figueroa* (2017) 11 Cal.App.5th 665, 682.) "If, after suspension of

3

proceedings, the court finds the defendant 'mentally competent, the criminal process shall resume.' " (*Ibid*.)

This case involves the application of section 1368, subdivision (c), which states: "*Except as provided in Section 1368.1*, when an order for a hearing into the present mental competence of the defendant has been issued, *all proceedings* in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined." (Emphasis added.)

" ' "Our fundamental task in construing" ' . . . any statute, ' "is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." ' . . . We begin as always with the statute's actual words, the "most reliable indicator" of legislative intent, "assigning them their usual and ordinary meanings, and construing them in context." ' [Citation.] If the words appear susceptible of more than one reasonable construction, we look to other indicia of legislative intent, bearing in mind the admonition that '[t]he meaning of a statute may not be determined from a single word or sentence' [citation] and that apparent 'ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes.' " (*People v. Pennington* (2017) 3 Cal.5th 786, 795.)

As we have previously explained, " 'Proceeding' has different meanings in different contexts. Narrowly, it means an action or remedy before a court. [Citations.] [¶] Broadly, it means 'All the steps or measures adopted in the prosecution or defense of an action.' [Citation.] 'The word "proceeding" or "proceedings" in its general sense refers to the form and manner of conducting judicial business before a court or judicial officer. [Citations.] It may also refer to a mere procedural step that is part of the larger action or special proceeding.' " (*Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1105; see also Black's Law Dict. (11th ed. 2019) ["The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry

4

of judgment"; "An act or step that is part of a larger action"].) To illustrate this point, we note our Supreme Court has previously explained that, after unification of the municipal and superior courts, "the *proceedings* in the early stages of a felony prosecution that formerly were held in municipal court now are held in superior court, but the basic procedural *steps*—the filing of a complaint before a magistrate, the holding of a preliminary examination before a magistrate, and the filing of an information and arraignment on the information before a superior court judge—remain the same." (*People v. Crayton* (2002) 28 Cal.4th 346, 359-360, emphasis added.)

Section 1368.1, subdivision (a)(1) provides, in relevant part: "If the action is on a complaint charging a felony, proceedings to determine mental competence shall be held prior to the filing of an information unless the counsel for the defendant requests a preliminary examination under [s]ection 859b. At the preliminary examination, counsel for the defendant may either demur, move to dismiss the complaint on the ground that there is not reasonable cause to believe that a felony has been committed and that the defendant is guilty thereof, or make a motion under [s]ection 1538.5." Thus, if defense counsel does not request a preliminary examination, the suspension of proceedings precludes a preliminary examination and the subsequent filing of an information. Conversely, if proceedings are suspended and defense counsel requests a preliminary examination, the preliminary hearing is excepted from the suspension of proceedings. The implication appears to be that, in such a situation, the information should also be filed. However, no case law directly addresses this question. One appellate court opinion states that "[s]ection 1368.1 references certain defense motions and preliminary hearings (at the request of defense counsel) as the *only* exceptions to the suspension of proceedings mandated by section 1368, subdivision (c)," yet also assumes the information would still be filed before competency was determined: "But the information that issues as a result of the preliminary hearing must be set aside if it is later shown a defendant was incompetent at the time." (*People v. Cadogan* (2009) 173

5

Cal.App.4th 1502, 1510-1511, emphasis added.)[2] In his reply papers, petitioner argues that because his counsel requested a preliminary examination pursuant to section 1368.1, competency proceedings should have been held after the filing of an information. But petitioner also admits his counsel requested a preliminary examination *before* doubt was declared pursuant to section 1368, and the preliminary examination occurred before the suspension of proceedings. Thus, it does not appear defense counsel requested a preliminary examination *pursuant* to section 1368.1. To explain the significance of this difference, we will turn to the legislative history of section 1368.1.

As originally enacted in 1974, section 1368.1, subdivision (a) provided: "If the action is on a complaint charging a felony, the hearing to determine mental competence may not be held until after the information or indictment has been filed. A demurrer or a motion under [s]ection 995 or 1538.5 may thereafter be made by counsel for the defendant, even though a proceeding to determine the defendant's mental competence is pending." (Stats. 1974, ch. 1511, § 4, p. 3317.) Section 1368.1 was interpreted to "delay[] the time for suspension of criminal proceedings and the initiation of proceedings to determine mental competence until 'after the information or indictment has been filed.' " (*Chambers v. Municipal Court* (1974) 43 Cal.App.3d 809, 811.) Thus, it was impossible for the suspension of proceedings to impact the time for the filing of the information because the filing of the information had to occur first under section 1368.1. In *Hale v. Superior Court* (1975) 15 Cal.3d 221, our Supreme Court explained that "[s]ection 1368.1, subdivision (a), declares the Legislature's judgment that a defendant

---

[2] Nonetheless, courts have allowed some proceedings to continue despite this mandate. (E.g., *People v. Stankewitz* (1990) 51 Cal.3d 72, 88-89 [motion for substitution of counsel]; *People v. Cadogan*, *supra*, 173 Cal.App.4th at pp. 1511-1513 [conditional examination of witness]; see also § 977.1 ["The resolution of questions of fact or issues of law by trial or hearing which can be made without the assistance or participation of the defendant is not prohibited by the existence of any pending proceeding to determine whether the defendant is or remains mentally incompetent . . ."].)

6

should not be subject to . . . long-term confinement unless probable cause to believe him guilty of the crime charged is determined by means of a preliminary hearing or grand jury hearing." (*Id.* at p. 229.) Nonetheless, the court recognized "[c]ounsel cannot effectively represent a defendant who is unable to understand the proceedings or to rationally assist him. [Citation.] Therefore, if a preliminary hearing is held while a defendant is incompetent, and if criminal proceedings subsequently resume upon restoration of his competence, the defendant would be entitled to have the information set aside" under section 995. (*Hale, supra*, at p. 228.)

The present situation, in which proceedings were suspended before the information was filed, was made possible when the Legislature amended section 1368.1 in 1982 to provide that "[i]f the action is on a complaint charging a felony, proceedings to determine mental competence shall be held prior to the filing of an information unless the counsel for the defendant requests a preliminary examination." (Stats. 1982, ch. 444, § 1, p. 1813.) The Legislature also eliminated the provision specifying defense counsel could make a section 995 motion during the suspension of proceedings. (Stats. 1982, ch. 444, § 1, p. 1813.) The purpose of the amendment was to allow for only one preliminary hearing, after competency was restored, unless the attorney for the defendant requested a preliminary hearing before competency was determined. (*People v. Duncan* (2000) 78 Cal.App.4th 765, 771.) Therefore, it is not simply any request for a preliminary hearing that triggers section 1368.1—but a request for a preliminary hearing *during* the suspension of proceedings under section 1368. Thus, the exception set forth in section 1368.1 has no application where, as here, doubt is declared after the preliminary hearing. Thus, the petition correctly articulated that the question posed by this writ is whether the suspension of "proceedings" after the commitment order suspends the deadline for the filing of the information. Petitioner asserts the issuance of an information following the preliminary hearing is "automatic" and cannot be construed as its own proceeding. In fact, the preliminary hearing and the filing of the information are separate steps that

7

originally occurred in different courts.  (*People v. Crayton*, *supra*, 28 Cal.4th at pp. 359-360.)  It would thus appear the suspension of proceedings would include the separate step of filing the information.  Petitioner asserts this would lead to an absurd consequence because, when proceedings were reinstated, he could have been unnecessarily held in custody for several additional days without pending charges.  We agree that to permit the prosecution to use the suspension of proceedings to file the information 15 days after the resumption of proceedings may delay resolution of the action.  We do not agree this consequence is necessarily absurd.  (Cf. *Craft v. Superior Court* (2006) 140 Cal.App.4th 1533, 1544 ["the necessity of ascertaining a defendant's competency and arranging for any needed treatment are reasonable bases for prolonging pretrial incarceration beyond the presumptively prejudicial periods delineated in section 1382"].)  Moreover, in this proceeding, the information was filed before proceedings were reinstated.  For this reason, we must conclude that, at the very least, there was good cause for the delay.

B.     *Good Cause*

As set forth above, a court may not grant a motion to dismiss for failure to meet the 15-day deadline where "good cause" for delay is shown.  (§ 1382, subd. (a)(1).)  At the hearing, the court only asked to hear from petitioner's counsel before denying the motion to dismiss.  Petitioner's counsel indicated the district attorney had filed papers, though none are part of the record before us.  "When a motion to dismiss on the grounds asserted herein has been denied by the trial court, it will be presumed that good cause existed for the delay, and the burden is on appellant to show that the court abused its discretion in denying the motion."  (*People v. Hocking* (1956) 140 Cal.App.2d 778, 782.)

"[S]ection 1382 does not define good cause, 'but numerous California appellate decisions that have reviewed good-cause determinations under this statute demonstrate that, in general, a number of factors are relevant to a determination of good cause: (1) the nature and strength of the justification for the delay, (2) the duration of the delay, and (3) the prejudice to either the defendant or the prosecution that is likely to result from the

8

delay.  [Citations.]  Past decisions further establish that in making its good-cause determination, a trial court must consider all of the relevant circumstances of the particular case, "applying principles of common sense to the totality of circumstances." ' "  (*People v. Hajjaj* (2010) 50 Cal.4th 1184, 1197-1198.)

"The principal purpose of the information is to notify the accused of the charges he or she is to meet at trial."  (*People v. Dominguez* (2008) 166 Cal.App.4th 858, 864.)  Here, the information was filed one business day after the 15th day.  Moreover, proceedings had, at this point, been suspended.  Petitioner argues due process and the interests of justice require the information to be filed within 15 days of the magistrate's order of commitment following preliminary examination so the defendant may seek review of the validity of the probable cause determination before being subjected to a competency determination.  However, as the People note, petitioner's argument necessarily assumes that other criminal proceedings in addition to  the filing of an information would be exempt from suspension.  In contrast to this position,  1982 amendment to section 1368.1 eliminates the provision permitting counsel to file a section 995 motion during the suspension of proceedings.

Here, the prosecutor filed the information on June 22, one week before proceedings were reinstated.  We can discern no prejudice from the filing of the information one business day later than petitioner contends was required.  Under these circumstances, there was good cause to deny petitioner's motion to dismiss.

9

## III.  DISPOSITION

The petition for writ of mandate, prohibition, or other appropriate relief is denied.


/S/

_____

RENNER, J.


We concur:

/S/

_____

BLEASE, Acting P. J.


/S/

_____

KRAUSE, J.